IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DARIEN CHINUA JEFFERSON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-194-O |
| | § | (NO. 4:17-CR-129-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Came on for consideration the motion of Darien Chinua Jefferson under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:17-CR-129-O, styled "United States v. Nicholas Evans, et al.," and applicable authorities, finds that the motion should be granted; that movant's conviction under count two of the superseding information should be set aside and vacated; and that movant's sentence under count one of the superseding information should be set aside and vacated so that movant can be resentenced.

### I.  BACKGROUND

The record in the underlying criminal case reflects the following:

On August 10, 2017, movant was named in a two-count superseding information charging him in count one with conspiracy to commit interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a), and in count two with using, carrying, and brandishing a firearm during and in relation to, and possessing and brandishing a firearm in furtherance of, a crime of violence,

in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. CR Doc.[1] 35. Movant and his attorney signed a factual resume setting forth the penalties movant faced, the elements of the offense, and the stipulated facts establishing that movant committed the offenses charged. CR Doc. 37. They also signed a waiver of indictment. CR Doc. 47. On August 14, 2017, movant pleaded guilty to both counts of the superseding information. CR Doc. 39. Movant testified under oath that: He understood he should never depend or rely upon any statement or promise by anyone including his attorney as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, pressure, threats, force or coercion of any kind; any discussion with his attorney concerning the guidelines would only be an estimate, not a promise, as to what the guidelines would be; the Court would not be bound by the stipulated facts and could take into account other facts; he understood his right to indictment and waived that right; he understood his right to an indictment and he waived that right; he committed the essential elements as set out in the factual resume; he had had sufficient time to discuss the case and the charges against him and the issue of punishment with his attorney and he was satisfied with his attorney's representation; that no one had mentally, physically, or in any other way attempted to force him to plead guilty; no one had made any promises or assurances to him in any kind of effort to induce him to enter a plea of guilty; and, he understood all of the information contained in the factual resume and the stipulated facts were true and correct. CR Doc. 116 at 2–17. The Court found that the plea was knowing and voluntary. *Id.* at 17.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level as to count one was 20. CR Doc. 60, ¶ 29. He received two-level

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-129-O.

enhancements for physically restraining his victims, *id.* ¶ 30, and being an organizer. *Id.* ¶ 33. He received a one-level increase for taking controlled substances during the robbery. *Id.* ¶ 31. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 37, 38. Based on a total offense level of 22 and a criminal history category of VI, the guideline imprisonment range was 84 to 105 months. *Id.* ¶ 107. The minimum term of imprisonment as to count two was 7 years and the maximum term was life. *Id.* ¶ 105. The probation officer later filed an addendum to the PSR to provide additional information. CR Doc. 69.

       The court sentenced movant to a term of imprisonment of 84 months as to count one and a term of imprisonment of 84 months as to count two, to run consecutively for a total of 168 months. CR Doc. 92. Movant appealed, but long after the time for doing so had expired. CR Doc. 105. He then filed a motion for an out-of-time appeal. CR Doc. 105. The Court denied the motion, but interpreted it to present grounds for relief under 28 U.S.C. § 2255. CR Doc. 106. The Court gave movant the warnings discussed in *Castro v. United States*, 540 U.S. 375 (2003), and gave him an opportunity to withdraw the filing or proceed using the appropriate form. *Id.* Ultimately, movant's notice of appeal was withdrawn, CR Doc. 142, so that he could proceed with his motion under § 2255.

## II. GROUNDS OF THE MOTION

       Movant asserts two grounds in support of his motion. In ground one, he says that he is entitled to relief under *United States v. Davis*, 139 S. Ct. 2319 (2019), which held 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague. In ground two, he says that his conviction was

3

obtained by a guilty plea that was unlawfully induced or not made voluntarily since a conspiracy conviction cannot serve as a predicate crime of violence under § 924(c)(3). Doc.[2] 9.

### III. APPLICABLE LEGAL STANDARDS

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

**IV. ANALYSIS**

Count two of the superseding information charged movant with brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. The statute defines "crime of violence" as a felony offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, 18 U.S.C. § 924(c)(3)(A), or that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense, 18 U.S.C. § 924(c)(3)(B). In *Davis*, the Supreme Court determined that the subsection (B) part of the definition is unconstitutionally vague. 139 S. Ct. at 2336. The Fifth Circuit had previously determined that conspiracy to commit Hobbs Act robbery did not constitute a crime of violence under subsection (A). *United States v. Davis*, 903 F.3d 483, 485 (5th Cir. 2018). *See United States v. Jones*, 935 F.3d 266, 271 (5th Cir. 2019)(noting that the Supreme Court left the Fifth Circuit's *Davis* opinion intact).

The Fifth Circuit has determined that the rule announced by the Supreme court in *Davis* is a new rule retroactively applicable in cases like this one. *United States v. Reece*, 938 F.3d 630, 634–35 (5th Cir. 2019). The government concedes that movant is entitled to relief. Doc. 11. It urges that movant's sentence as to count one be vacated so that movant can be resentenced to give the Court an opportunity to reconfigure the sentencing plan and satisfy the factors of 18 U.S.C. § 3553(a). *See Pepper v. United States*, 562 U.S. 476, 507 (2011). The Court agrees.

The Court need not reach ground two of the motion, but notes that it is without merit. As the record reflects, movant's plea was knowing and voluntary. He has not come forward with any

evidence to show otherwise. His counsel was not required to be clairvoyant about the new rule announced by the Supreme Court. *United States v. Fields*, 565 F.3d 290, 294–95 (5th Cir. 2009).

## V. CONCLUSION

For the reasons discussed herein, movant's motion is **GRANTED**; movant's conviction under count two of the superseding information be, and is hereby, **SET ASIDE AND VACATED**; and, movant's sentence under count one be, and is hereby, **SET ASIDE AND VACATED** so that movant can be resentenced taking into account all of his conduct.

**SO ORDERED** on this 13th day of January, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE